UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RIVER STREET PLAZA EAST | ) | Case No. 13-00682 |
| CONDOMINIUM ASSOCIATION[1] | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **March 26, 2014 at 10:00 a.m.**, I shall appear before the Honorable Carol Doyle in Courtroom 742 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, and present the attached **First and Final Application for Allowance of Fees and Reimbursement of Expenses,** a true and correct copy of which is attached hereto and hereby served upon you.

Dated: March 4, 2014

RIVER STREET PLAZA EAST
CONDOMINIUM ASSOCIATION
  *and*
RIVER STREET PLAZA EAST
COMMERCIAL ASSOCIATION,
as debtors and debtors-in-possession

By:   */s/ Matthew S. Johns*
      One of its Counsel

Matthew S. Johns
Thompson Coburn, LLP
55 East Monroe – 37th Floor
Chicago, Illinois 60603
Telephone: (312) 580-2348
Facsimile: (312) 580-2201
Email: mjohns@thompsoncoburn.com

---

[1] The Debtors are River Street Plaza East Condominiums Association (Case No. 13-00682) and River Street Plaza East Commercial Association (Case No. 13-06078).

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that on March 4, 2014, I caused a copy of the foregoing **Notice of Motion** and **First and Final Application for Allowance of Fees and Reimbursement of Expenses,** to be served via: (1) ECF notification to all parties of record; and (2) via first-class U.S. Mail, postage pre-paid to all parties set forth on the following service list

                                                              */s/ Matthew S. Johns*

## SERVICE LIST

| | | |
|---|---|---|
| Clermont Special Managers LT<br>3 University Plaza, Suite 604<br>Hackensack, NJ 07601 | Comcast<br>PO Box 3002<br>Southeastern, PA 19398-3002 | ComEd<br>PO Box 6112<br>Carol Stream, IL 61097 |
| Esser Hayes Insurance Group<br>1811 High Grove Lane<br>Naperville, IL 60540 | Nicor Gas<br>P.O. Box 2020<br>Aurora, IL 60507 | Otis Elevator Company<br>30 Twoseome Drive, Suite 4<br>Moorestown, NJ 08057 |
| Premium Assignment Corp.<br>PO Box 3066<br>Tallahassee, FL 32315 | Patrick S. Layng<br>Office of U.S. Trustee, Region 11<br>219 S. Dearborn St.<br>Room 873<br>Chicago, IL 60604 | Fitzgerald & Alan, LLC<br>140 S. River Street<br>Aurora, IL 60506 |
| Michael Vantreese<br>140 S. River Street<br>Unit 208<br>Aurora, IL 60506 | ATT<br>4412 E. New York Street<br>Aurora, IL 60506 | Full Spectrum Lighting<br>440 S. Mclean Blvd.<br>Elgin, IL 60123 |
| Professional Garage Door<br>705 Lucky Court<br>Oswego, IL 60543 | Steiner Electric Company<br>1275 Touhy Avenue<br>Elk Grove Village, IL 60007 | Comcast c/o<br>The Corporation Company<br>600 S. Second Street,<br>Suite 103<br>Springfield, IL 62704 |
| ComEd c/o<br>Corporate Creations Network Inc.<br>1443 W. Belmont Avenue #C<br>Chicago, IL 60657 | Nicor Gas Company c/o<br>Illinois Corporation Service Company<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RIVER STREET PLAZA EAST ) | Case No. 13-00682 |
| CONDOMINIUM ASSOCIATION[2] ) | Jointly Administered |
| ) | |
| Debtor. ) | |

**FIRST AND FINAL APPLICATION ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES BY THOMPSON COBURN, LLP**

Thompson Coburn, LLP (the "Firm"), counsel for River Street Plaza East Condominium Association, *et al*., as debtors and debtors-in-possession (collectively, the "Debtors"), hereby requests the entry of an Order pursuant to 11 U.S.C. §§ 327, 330 and 331 authorizing and allowing the payment of fees incurred and reimbursement of expenses of the Firm from the January 8, 2013 through and including February 28, 2014.  In support of this application, the Firm states as follows:

1. On January 8, 2013, River Street Plaza East Condominium Association filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Case No. 13-00682).

2. On February 18, 2013, River Street Plaza East Commercial Association filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (Case No. 13-06078).

3. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[2] The Debtors are River Street Plaza East Condominiums Association (Case No. 13-00682) and River Street Plaza East Commercial Association (Case No. 13-06078).

- 1 -

4. No trustee or examiner has been appointed in these chapter 11 cases. No official unsecured creditors' committee has yet been appointed in these chapter 11 cases.

5. On March 6, 2013, this Court entered an order jointly administering the Debtors' chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b). (CM/ECF Docket No. 51)

6. On March 13, 2013, the Court entered its "Order Granting Application to Employ Thompson Coburn, LLP As Debtors' Counsel and Establishing Interim Compensation Procedures" (the "<u>Employment Order</u>") under which the Court: (a) approved the Debtors' employment of the Firm as bankruptcy counsel; and (b) authorized the Firm to submit periodic applications for interim compensation and reimbursement of expenses. (CM/ECF Docket No. No. 54).

7. The Firm, through this application, seeks allowance for services rendered and expenses incurred on behalf of the Debtors from January 8, 2013 through and including February 28, 2014. The services rendered by the Firm during these jointly administered cases for which compensation is requested are summarized below:

> (a) The Firm performed legal services incidental to the Debtors' operations, including, but not limited to, general business and legal advice, all of which were necessary to the proper administration of these estates;
>
> (b) The Firm assisted the Debtors in the preparation of their petitions and first day motions;
>
> (c) The Firm assisted the Debtors, in the preparation of their schedules, statements of financial affairs, and attendance at the initial debtor interviews and first meetings of creditors;
>
> (d) The Firm represented the Debtors in state court legal proceedings brought by creditors of the Debtors; and

      (e)    The Firm assisted the Debtors in the preparation of the plan of reorganization and disclosure statement.

Detailed descriptions of the time each attorney and/or paraprofessional has expended in these cases are attached hereto as <u>Exhibit A</u> and are incorporate herein by reference.

8.    The Firm expended **54.5 hours** performing legal services incidental to the Debtors' operations during bankruptcy including general business and legal advice necessary to the proper administration of the bankruptcy estates. This included regular correspondence and meetings with the Debtors' managers and boards regarding the status and progress of the bankruptcy cases, advising the Debtors in running operations in compliance with the Bankruptcy Code (i.e. maintaining bank accounts and utilities, security system installation, condominium unit and parking space sales, etc.), attending status hearings, and drafting various motions for the continued administration of the bankruptcy case (i.e. motion for joint administration, motion to maintain existing bank accounts, etc.). The hourly total includes filing the petition and accompanying documents in both bankruptcy cases

9.    The Firm expended **58.6 hours** assisting the Debtors in preparing the petition, schedules, statement of financial affairs, first day motions and monthly operating reports. The Firm assisted in preparing the petition and accompanying documents required by 11 U.S.C. § 521 and Bankruptcy Rule 1007. The hourly total includes filing the petition and accompanying documents in both bankruptcy cases. The firm also assisted in drafting various first day motions.

10.    The Firm expended **12.5 hours** assisting the related to the preparation and attendance at the initial debtor interviews and first meetings of creditors. The hourly total includes preparation of such documents and attending debtor interviews and meetings of creditors in both cases.

11. The Firm expended **13.4 hours** litigating issues related to the Motion for Relief from Stay filed by A. Tsang, a former owner of one of the condominium units located at River Street Plaza. To that end, the Firm developed a litigation strategy regarding the Motion, drafted a response to the Motion, attend a hearing on the Motion and ultimately negotiated and drafted a settlement agreement resolving the Motion.

12. The Firm expended **15.2 hours** related to the drafting and filing of the Application to Employ Thompson Coburn as counsel for the Debtors and subsequent fee application.

13. The Firm expended **3.9 hours** related to the negotiation and assumption of the Debtors' executory contracts.

14. The Firm expended **1 hour** drafting a suggestion of bankruptcy related to the state court litigation filed against the Debtors by A. Tsang.

15. The Firm expended **51.4 hours** assisting the Debtors in preparing the Disclosure Statement and Plan of Reorganization. The Firm attended multiple hearings regarding the approval of the Disclosure Statement and Plan of Reorganization. Furthermore, the Firm routinely communicated and drafted notices to the unit owners and board of directors of River Street regarding the Plan of Reorganization and Disclosure Statement, developed the strategy to fund the Plan of Reorganization, drafted the necessary documents related to the unit owners' approval of the same, communicated with the Debtors' creditors regarding acceptance of the Plan of Reorganization and reviewed and filed ballots regarding the same. The hourly total includes filing the petition and accompanying documents in both bankruptcy cases

16. The Attorneys, paraprofessionals, and staff of the Firm actively involved in these cases, along with his or her hourly rate and the hours expended are as follows:

| Timekeeper | Bar Admission Date | Hourly Rate | Number of Hours Billed | Total |
|---|---|---|---|---|
| Buckley, F- Partner | 1983 | $525 | 4.2 | $2,232.50 |
| Darrough, M. - Partner | 1997 | $430.00 | 1.6 | $688.00 |
| Plotnick, G. | 1987 | $425 | 8.9 | $3,670.00 |
| Jurasek, M – Partner | 1998 | $445 | 42.9 | $19,450.50 |
| Oakley, J – Partner | 2003 | $405 | .4 | $162.00 |
| Peel, E – Associate | 2006 | $365 | 1 | $365.00 |
| Johns, M – Associate | 2009 | $320 | 145.5 | $46,835.00 |
| Libman, V. - Associate | 2010 | $270 | 2.2 | $594.00 |
| Rivers, N. - Associate | 2011 | $300 | 1.3 | $390.00 |
| Zydel, E – Paralegal |  | $180 | 1.6 | $288.00 |

17.    The value for services rendered by the Firm as counsel for the Debtors in these proceedings from January 8, 2013 through and including February 28, 2014 is the sum of Seventy Five Thousand Sixty Six and 50/100 Dollars ($75,066.50).

18.    Additionally, the Firm has incurred expenses on the Debtors' behalf in these proceedings from January 8, 2013 through and including February 28, 2014 in the aggregate amount of Two Thousand Seven Hundred Fifty Eight and 54/10 Dollars ($2,758.54). Detailed lists of these expenditures are set forth in Exhibit B.

19.    The Firm has filed no prior applications for interim allowance.

20.    No pre-petition retainer was received by the Firm prior to the commencement of these cases. Payment of the fees will be made by the Reorganized Debtors.

21.    Based upon the foregoing, the Firm has incurred fees in the amount of Seventy Five Thousand Sixty Six and 50/100 Dollars ($75,066.50) and expenses in the amount of Two Thousand Seven Hundred Fifty Eight and 54/10 Dollars ($2,758.54) representing the Debtors in these cases.

22. The Debtors believe the time spent by the Firm on the various matters in these cases was reasonable and that the services rendered by the Firm were necessary and beneficial to the Debtors and their estates.

23. Based on the foregoing, the Debtors respectfully request that the Court authorize and allow the Firm fees in the amount of <u>Seventy Five Thousand Sixty Six and 50/100 Dollars</u> ($75,066.50) and expenses in the amount of <u>Two Thousand Seven Hundred Fifty Eight and 54/10 Dollars</u> ($2,758.54).

WHEREFORE, the Debtors respectfully request the entry of an Order:

A. Authorizing and allowing payment compensation to the Firm for services rendered from January 8, 2013 through and including February 28, 2014 in the amount of <u>Seventy Five Thousand Sixty Six and 50/100 Dollars</u> ($75,066.50);

B. Authorizing and allowing The Firm reimbursement of expenses incurred on Debtor's behalf during from the inception of these cases through and including February 28, 2014 in the amount of <u>Two Thousand Seven Hundred Fifty Eight and 54/10 Dollars</u> ($2,758.54); and

C. Granting such other and further relief as the Court deems proper.

[*REMAINDER OF PAGE LEFT BLANK INTENTIONALLY*]

- 7 -

Dated:  March 4, 2014                                 RIVER  STREET  PLAZA  EAST
                                                                       CONDOMINIUM ASSOCIATION
                                                                  *and*
                                                      RIVER STREET PLAZA EAST
                                                      COMMERCIAL ASSOCIATION,
                                                      as debtors and debtors-in-possession

                                          By:    */s/ Matthew S. Johns*
                                                  One of its Counsel

Matthew S. Johns
Thompson Coburn, LLP
55 East Monroe – 37th Floor
Chicago, Illinois 60603
Telephone:  (312) 580-2348
Facsimile: (312) 580-2201
Email:  mjohns@thompsoncoburn.com