UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RIVER STREET PLAZA EAST | ) | Case No. 13-00682 |
| CONDOMINIUM ASSOCIATION, | ) | (jointly administered) |
| | ) | |
| Debtors.[1] | ) | |

## NOTICE OF AMENDED MOTION

PLEASE TAKE NOTICE that on **April 30, 2014**, at **10:00 a.m.**, I shall appear before the Honorable Carol Doyle in Courtroom 742 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, and present the attached **Motion for Final Decree,** a true and correct copy of which is attached hereto and hereby served upon you.

Dated: March 26, 2014

RIVER STREET PLAZA EAST
CONDOMINIUM ASSOCIATION
  *and*
RIVER STREET PLAZA EAST
COMMERCIAL ASSOCIATION

By:    */s/ Matthew S. Johns*

Thompson Coburn, LLP
55 East Monroe – 37th Floor
Chicago, Illinois 60603
Telephone: (312) 580-2348
Email: mjohns@thompsoncoburn.com

---

[1] The Debtors are River Street Plaza East Condominium Association (Case No. 13-00682) and River Street Plaza East Commercial Association (Case No. 13-06078).

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 26, 2014, he caused the Amended Notice of Motion for Final Decree and Amended Motion for Final Decree to be served via the Court's CM/ECF System and via First-Class U.S. Mail, postage prepaid upon the following parties:

**SERVICE LIST**

| | | |
|---|---|---|
| Clermont Special Managers LT<br>3 University Plaza, Suite 604<br>Hackensack, NJ 07601 | Comcast<br>PO Box 3002<br>Southeastern, PA 19398-3002 | ComEd<br>PO Box 6112<br>Carol Stream, IL 61097 |
| Esser Hayes Insurance Group<br>1811 High Grove Lane<br>Naperville, IL 60540 | Nicor Gas<br>P.O. Box 2020<br>Aurora, IL 60507 | Otis Elevator Company<br>30 Twoseome Drive, Suite 4<br>Moorestown, NJ 08057 |
| Premium Assignment Corp.<br>PO Box 3066<br>Tallahassee, FL 32315 | Patrick S. Layng<br>Office of U.S. Trustee, Region 11<br>219 S. Dearborn St.<br>Room 873<br>Chicago, IL 60604 | Otis Elevator Company<br>c/o Molzahn Rocco Reed &<br>Rouse, LLC<br>Attn: Paul B. Porvaznik<br>20 N. Clark Street, Ste. 2300<br>Chicago, IL 60602-5002 |
| Michael Vantreese<br>140 S. River Street<br>Unit 208<br>Aurora, IL 60506 | ATT<br>4412 E. New York Street<br>Aurora, IL 60506 | Full Spectrum Lighting<br>440 S. Mclean Blvd.<br>Elgin, IL 60123 |
| Professional Garage Door<br>705 Lucky Court<br>Oswego, IL 60543 | Steiner Electric Company<br>1275 Touhy Avenue<br>Elk Grove Village, IL 60007 | Comcast c/o<br>The Corporation Company<br>600 S. Second Street,<br>Suite 103<br>Springfield, IL 62704 |
| ComEd c/o<br>Corporate Creations Network Inc.<br>1443 W. Belmont Avenue #C<br>Chicago, IL 60657 | Nicor Gas Company c/o<br>Illinois Corporation Service Company<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 | City of Aurora<br>44 E. Downer Place<br>Aurora, IL 60505-3302 |
| Fox Metro<br>682 Route 31<br>Oswego, IL 60543-8919 | Commonwealth Edison Company<br>Attn: Bankruptcy Section<br>3 Lincoln Center<br>Oakbrook Terrace, IL 60181-4204 | Fitzgerald & Alan, LLC<br>140 S. River Street<br>Aurora, IL 60506 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RIVER STREET PLAZA EAST ) | Case No. 13-00682 |
| CONDOMINIUM ASSOCIATION,[2] ) | Jointly Administered |
| ) | |
| Debtors. ) | |

## AMENDED MOTION FOR FINAL DECREE

Reorganized Debtors River Street Plaza East Condominium Association and River Street Plaza East Commercial Association (the "Reorganized Debtors"), by and through counsel, Thompson Coburn LLP, hereby file their Amended Motion for Entry of Final Decree. In support of this Application, Reorganized Debtors state as follows:

## VENUE AND JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and (b), 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022, 1.

2. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## RELEVANT FACTUAL BACKGROUND

4. On January 8, 2013, River Street Plaza East Condominium Association filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Case No. 13-00682).

5. On February 18, 2013, River Street Plaza East Commercial Association filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (Case No. 13-06078).

---

[2] The Debtors are River Street Plaza East Condominiums Association (Case No. 13-00682) and River Street Plaza East Commercial Association (Case No. 13-06078).

6. On March 6, 2013, this Court entered an order jointly administering the Debtors' chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b). (CM/ECF Docket No. 51)

7. On July 10, 2013, the Debtors filed their Plan of Reorganization (the "Plan"). A continued hearing on confirmation of the Plan was held before the Bankruptcy Court on February 26, 2014. The Plan was confirmed pursuant to this Court's Order dated March 6, 2014, *nunc pro tunc*, February 26, 2014.

8. The Order confirming the Plan became final on March 20, 2014, See, Fed. R. Bankr. P. 8002(a) (2006) (the Plan was confirmed pursuant to this Court's Order dated March 6, 2014, *nunc pro tunc*, February 26, 2014).

9. The Plan has become effective and distributions to creditors have been completed.

10. No deposits were required by the Plan.

11. All property proposed by the Plan to be transferred has been transferred.

12. The Reorganized Debtors have assumed management of the businesses dealt with by the Plan.

13. All payments under the plan have commenced.

14. All claims filed against the Debtors have been administered in accordance with the Plan.

15. As of the date of the filing of this Application, the classes of claims have been paid as follows:

| Class 1 | Unsecured Priority Claims | Paid in full |
| Class 2 | General Unsecured Claims | Paid in full |

16. There are no open contested matters or adversary proceedings in these jointly administered bankruptcy proceedings.

17. All United States Trustee fees have been paid.

## ARGUMENT

18. Section 350(a) of the Bankruptcy Code provides that: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Similarly, Bankruptcy Rule 3022 provides that: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

19. Although the term "fully administered" is not defined in the Bankruptcy Code or Rules, guidance is provided in the Advisory Committee Note to the 1991 Amendment to Rule 3022 (the "Advisory Committee Note"), which provides in pertinent part as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350 of the Code.

20. The Court need not determine that all of the factors of the Advisory Committee Note have been met. As emphasized in <u>In re Mold Makers, Inc.</u>, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990):

> The Court finds the Committee Note to the new rule illuminative and essentially adopts that language. <u>Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree</u>. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case. (emphasis added)

21. It is appropriate to enter final decrees in theses bankruptcy cases at this time. Here, as stated above, the Reorganized Debtors have satisfied each of the foregoing enumerated criteria for the issuance of a final decree.

22. Reorganized Debtors are current on all of their quarterly fee obligations due and owing to the Office of the United States Trustee to date. Reorganized Debtors shall pay all accrued but unpaid quarterly United States Trustee fees due for the cases to be closed up to the date of entry of the order granting the relief requested herein.

23. Therefore, there is no longer any basis for keeping open the chapter 11 cases of River Street Plaza East Condominium Association and River Street Plaza East Commercial Association.

WHEREFORE, Reorganized Debtors River Street Plaza East Condominium Association and River Street Plaza East Commercial Association request that this Honorable Court enter a Final Decree closing the Chapter 11 proceedings of River Street Plaza East Condominium Association and River Street Plaza East Commercial Association, and grant such other and further relief as this Court deems just and proper.

Dated: March 26, 2014

RIVER STREET PLAZA EAST
CONDOMINIUM ASSOCIATION
*and*
RIVER STREET PLAZA EAST
COMMERCIAL ASSOCIATION

By:    */s/ Matthew S. Johns*

Matthew S. Johns
Thompson Coburn, LLP
55 East Monroe – 37th Floor
Chicago, Illinois 60603
Telephone: (312) 580-2348
Facsimile: (312) 580-2201
Email: mjohns@thompsoncoburn.com